UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EDMUND H. HOFMANN, and TAMARA A. HOFMANN,  Plaintiffs,  v.  SYNCHRONY FINANCIAL d/b/a LOWE'S CREDIT CENTER,  Defendant. | CIVIL COMPLAINT  CASE NO. 4:18-cv-02189  DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes EDMUND H. HOFMANN ("Edmund") and TAMARA A. HOFMANN ("Tamara") (collectively, "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of SYNCHRONY FINANCIAL d/b/a LOWE'S CREDIT CENTER ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4.  Plaintiffs are natural persons over 18 years-of-age residing in Magnolia, Texas, which is located within the Southern District of Texas.

5.  Plaintiffs are "person[s]" as defined by 47 U.S.C. §153(39)

6.  Defendant is a financial services company organized under the laws of the United States and maintains its headquarters at 777 Long Ridge Road, Stamford, Connecticut. Defendant regularly conducts business with consumers in Texas, including Plaintiff.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.  Over a year ago, Plaintiffs obtained a Lowe's credit card issued through Defendant, in order to purchase household goods for their family.

10. Shortly thereafter, Plaintiffs experienced financial hardship, causing them to fall behind on their monthly payments owed to Defendant, thus incurring debt ("subject debt").

11. In early 2018, Plaintiffs began receiving calls to their cellular phone, (936) XXX-0322 from Defendant.

12. At all times relevant to the instant action, Plaintiffs were joint account owners of the cellular phone number ending in -0322, and Plaintiffs were both financially responsible for the cellular phone and its services. Both Plaintiffs are primary users of this cellular phone.

13. Defendant has used a variety of phone numbers when placing calls to Plaintiffs' cellular phone, including but not limited to: (678) 518-2904 and (330) 433-5996.

14. Upon information and belief, the aforementioned phone numbers are regularly used by Defendant to contact consumers during its collection activities.

15. When Plaintiffs have answered calls from Defendant, they have experienced a noticeable pause, lasting several seconds in length, and they often had to say "hello" several times before being connected with a live representative.

16. Upon speaking with one of Defendant's representatives, Edmund was notified that Plaintiffs were behind on their payments and that Defendant was seeking to collect upon the subject debt.

17. Edmund informed Defendant that Plaintiffs were unable to make payment, and demanded that Defendant stop contacting them.

18. Moreover, Edmund also mailed a letter to Defendant, indicating that Plaintiffs no longer wished to receive telephone calls from Defendant.

19. Despite Edmund's multiple efforts, Defendant has continued to relentlessly call Plaintiffs' cellular phone up through the date of the filing of the instant action.

20. Defendant has also placed several calls to Plaintiffs' cellular phone during the same day, even after being told to cease its contacts.

21. Plaintiffs have received not less than 38 phone calls from Defendant since asking it to stop calling.

22. In addition, Defendant has also placed calls to Tamara's work cellular phone, (832) XXX-3672.

23. Tamara has answered Defendant's phone calls and has demanded that Defendant stop contacting her, especially on her work phone.

24. In spite of Tamara's demands, Defendant has continued to contact her without permission.

25. Seeing no alternative to ending Defendant's conduct, Plaintiffs spoke with Sulaiman regarding their rights, resulting in fees and expenses.

26. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

27. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phone, and diminished space for data storage on their cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
(EDMUND AGAINST DEFENDANT)

28. Plaintiffs repeat and reallege paragraphs 1 through 27 as though fully set forth herein.

29. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

30. Defendant used an ATDS in connection with its communications directed towards Edmund. The noticeable pause, lasting several seconds in length, that Edmund experienced during

4

answered calls, as well as the fact that he had to say "hello" several times before being connected to a representative of Defendant's, is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls points to the involvement of an ATDS.

31. Defendant violated the TCPA by placing at least 38 phone calls to Edmund's cellular phone using an ATDS without his consent. Any consent Edmund may have given to Defendant was explicitly revoked by his demands to cease contact.

32. Not only did Edmund notify Defendant's representatives during phone conversations that Plaintiffs no longer wished to be contacted, but Edmund also sent Defendant a letter in the mail, reiterating Plaintiffs' demands that Defendant stop contacting them.

33. The calls placed by Defendant to Edmund were regarding collection of the subject debt and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

34. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Edmund for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Edmund is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, EDMUND H. HOFMANN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Edmund damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Awarding Edmund costs and reasonable attorney fees;

   d. Enjoining Defendant from further contacting Edmund; and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
(PLAINTIFFS AGAINST DEFENDANTS)

35. Plaintiffs restate and reallege paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiffs are "consumer[s]" as defined by Tex. Fin. Code Ann. § 392.001(1).

37. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

38. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

39. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

40. Defendant violated the TDCA when it continued to call Plaintiffs' cellular phone at least 38 times after Edmund notified it to stop calling. The repeated contacts were made with the hope that Plaintiffs would succumb to the harassing behavior and ultimately submit a payment. Rather than abiding by Plaintiffs' wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

41. Upon being told to stop calling, Defendant had ample reasons to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiffs' cellular phone knowing that its conduct was unwelcome.

42. In addition, Defendant violated the TDCA by continuing to contact Tamara on her work phone after she had already demanded that Defendant stop calling. Defendant's repeated efforts

6

to collect upon the subject debt, especially by intrusively calling Tamara's work phone, illustrates Defendant's intent to force Tamara into submission.

WHEREFORE, Plaintiffs, EDMUND H. HOFMANN and TAMARA A. HOFMANN, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiffs to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiffs actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiffs punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiffs costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 28, 2018                                        Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103               Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                          Counsel for Plaintiff
Admitted in the Southern District of Texas     Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                             Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200            2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                 Lombard, Illinois 60148
(630) 568-3056 (phone)                                (630) 581-5858 (phone)
(630) 575-8188 (fax)                                     (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                        thatz@sulaimanlaw.com